IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOY LUCRETIA CLARK,<br>    Plaintiff, | :<br>:  CIVIL ACTION<br>: |
| v. | :  NO. 25-CV-0838<br>: |
| ORPHANS COURT PHILADELPHIA,<br>    Defendant. | :<br>:<br>: |

## MEMORANDUM

**GOLDBERG,   J.**                                                                                April 25, 2025

*Pro Se* Plaintiff Joy Lucretia Clark commenced this civil action against the Orphans Court of Philadelphia and Philadelphia Court of Common Pleas Judge Stella Tsai,[1] alleging various violations of her rights.  She appears to seek declaratory relief and money damages.  She has also filed a motion to proceed *in forma pauperis* (ECF No. 1).  For the following reasons, the Court will grant Clark leave to proceed *in forma pauperis* and dismiss the Complaint.

**FACTUAL ALLEGATIONS**[2]

Clark's claims are not altogether clear.  Clark states that she has been involved in an action regarding her mother's estate in the Orphans Court in Philadelphia, presided over at least in part by Judge Tsai.  (Compl. at 2-3; ECF No. 5 at 8).  She claims that the estate was "misrepresented

---

[1] Clark did not include Judge Tsai in the caption of the Complaint but does list her as a Defendant in the body of the Complaint.

[2] The allegations are taken from the Complaint (ECF No. 2), attachments thereto (ECF No. 2-1), and exhibits Clark subsequently filed (ECF No. 5).  In consideration of Clark's *pro se* status, the Court will construe the entire submission to constitute the Complaint.  The Court adopts the pagination assigned by the CM/ECF docketing system for all *pro se* submissions.  Passages quoted from the Complaint have been corrected for spelling and capitalization.

after her [mother's] death." (Compl. at 3). Clark alleges that her sister became administratrix of the estate through false testimony to the Orphans Court, and that, "knowing this fact, [Clark] presented [her] mother's notarized will, which was disregarded." (*Id.*)  Clark maintains that "[a]s a result of her [sister's] appointment, the estate's funds have been mismanaged and squandered." (ECF No. 5 at 1). Clark further claims that her sister withheld critical information regarding the estate by delaying responses to Clark's discovery requests. (*Id.*; Compl. at 2). In particular, Clark attaches documents to her Complaint that allegedly show that her sister's counsel knew about a lien against the estate for nearly $116,000, and failed to disclose it to Clark for over ten months. (ECF No. 2-1 at 1-2).

In addition, Clark asserts that the "entire case became a commercial transaction," that her rights under the "Fair Lending Act" and as a consumer were violated, and that a "UCC-1 filing statement separating me from the corporate name" was ignored. (Compl. at 2-3). Clark states that she presented Judge Tsai with bonds and that she is owed interest on them.[3] (*Id.* at 3-4).

---

[3] Clark has submitted numerous other papers, the significance of which is not at all clear. (*See* ECF No. 5 at 2-50). The bulk of the documents appear to include sovereign citizen verbiage, which courts have often characterized as invoking "alchemistic, archaic, and irrelevant formalism, [that is] unlikely to bring [a plaintiff] relief in *any* court of law." *Coppedge v. SLS LLC*, 2024 WL 511037, at *1 n.5 (3d Cir. Feb. 9, 2024) (*per curiam*) (citation and quotations omitted); *United States v. Taylor*, 21 F.4th 94, 102 (3d Cir. 2021) (noting that sovereign citizens "generally believe that they are neither subject to federal law nor federal courts' jurisdiction" and that their claims "of course, lack merit"); *Blinke v. Sweeney*, No. 23-01259, 2023 WL 8361795, at *2 (M.D. Pa. Nov. 9, 2023), *report and recommendation adopted*, 2023 WL 8359908 (M.D. Pa. Dec. 1, 2023) (explaining that "'sovereign citizen' or 'straw man' arguments have been widely rejected as frivolous by federal and state courts"); *Banks v. Florida*, No. 19-756, 2019 WL 7546620, at *1 (M.D. Fla. Dec. 17, 2019), *report and recommendation adopted*, 2020 WL 108983 (M.D. Fla. Jan. 9, 2020) (collecting cases and stating that legal theories espoused by sovereign citizens have been soundly rejected as "utterly frivolous, patently ludicrous, and a waste of . . . the court's time, which is being paid by hard-earned tax dollars"). Consistent with those decisions, the Court will not dwell on the significance of the sovereign citizen documents that Clark submitted as Exhibits (ECF No. 5), as they are not germane to the reasons why Clark's claims are not plausible.

She claims that she ultimately had to fire the attorney who represented her in the estate case.  (*Id.* at 3).

Clark alleges pain, suffering, and financial insecurity when she "almost faced eviction" and "tr[ied] to keep up with paying my attorney whe[n] he was also obtain[ing] funds from my Social Security Trust."  (*Id*. at 4).  She also states as injuries that: "[k]nowing courts are financial institutions operating from Birth certified trust [.]  [She] requested [her] interest on the bonds and appearance bond to be paid out.  They are registered as foreign agents." (*Id*.)  Clark requests as relief for the Court to "[h]old all parties accountable, collect the interest due to [her] from bonds created[,] as well as [her] appearance bond as requested from judge." (*Id*.)

## II.     STANDARD OF REVIEW

The Court grants Clark leave to proceed *in forma pauperis*.  When allowing a plaintiff to proceed *in forma pauperis*, the Court must review the pleadings and dismiss the matter if it determines that the action is frivolous, malicious, fails to state a claim for relief, or seeks damages from an immune defendant.  28 U.S.C. § 1915(e)(2)(B)(i)-(iii).  Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6).  *See Harris v. Wetzel*, 822 F. App'x 128, 130 (3d Cir. 2020) (*per curiam*) and *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999).  Accordingly, the Court must determine whether the Complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotations omitted).  When the litigation is in this early stage, the Court accepts the facts alleged in the *pro se* complaint as true, draws all reasonable inferences in the plaintiff's favor, and considers whether the complaint, liberally construed, contains facts sufficient to state a plausible claim.  *Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021), *abrogation*

*on other grounds recognized by Fisher v. Hollingsworth*, 115 F.4th 197 (3d Cir. 2024). Conclusory allegations do not suffice. *Iqbal*, 556 U.S. at 678. Because Clark is proceeding *pro se*, the Court construes her allegations liberally. *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244-45 (3d Cir. 2013)).

### III.    DISCUSSION

Although unclear, Clark appears to assert federal due process or other constitutional claims based on the manner in which her mother's estate was litigated.[4] The vehicle by which federal constitutional claims may be asserted in a federal court is 42 U.S.C. § 1983. "Section 1983 does not, by its own terms, create substantive rights; it provides only remedies for deprivations of rights established elsewhere in the Constitution or federal laws." *Kneipp v. Tedder*, 95 F.3d 1199, 1204 (3d Cir. 1996). "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). Construing the Complaint liberally, as the Court must, Clark has not plausibly alleged facts stating any viable claims.

---

[4] Clark avers that case information was withheld, her right to fair court procedures was violated, and documents were ignored, which she claims would be tantamount to due process violations under the Fourteenth Amendment. (Compl. at 2-3); *see O'Callaghan v. Honorable X*, 745 F. App'x 200, 201-202 (3d Cir. 2018) (describing plaintiff's due process claims alleging unfair treatment by judge during state court proceedings). To the extent that Clark alleges violations of her "consumer rights" and of her rights under the "Fair Lending Act" (Compl. at 2), these claims do not reference federal statutes, and the facts alleged in the Complaint do not lend themselves to any particular federal statutory bases of jurisdiction. Accordingly, the Court will consider the claims here as if they were alleged under § 1983.

### A. Claims Against the Orphans Court

Clark has named the Orphans Court as a Defendant, which is a division of the Court of Common Pleas of Philadelphia. *See* 42 Pa. Cons. Stat. § 951(a)(2) (2005). The Eleventh Amendment bars suits against a state and its agencies in federal court. *See Pennhurst State Sch. And Hosp. v. Halderman*, 465 U.S. 89, 99-100 (1984); *A.W. v. Jersey City Public Schs.*, 341 F.3d 234, 238 (3d Cir. 2003). The Orphans Court Division of the Court of Common Pleas, as part of Pennsylvania's unified judicial system, shares in the Commonwealth's Eleventh Amendment immunity. *See Benn v. First Judicial Dist. of Pa.*, 426 F.3d 233, 241 (3d Cir. 2005). As Pennsylvania has not waived its Eleventh Amendment immunity, *see* 42 Pa. Cons. Stat. § 8521(b), Clark's claims against the Orphans Court Division of the Philadelphia Court of Common Pleas, regardless of their nature, are barred by the Eleventh Amendment and will be dismissed with prejudice.

### B. Claims Against Judge Tsai

Clark also appears to name Judge Tsai as a Defendant based on her presiding over the dispute involving Clark's mother's estate. Judges are entitled to absolute immunity from civil rights claims that are based on acts or omissions taken in their judicial capacity, so long as they do not act in the complete absence of all jurisdiction.[5] *See Stump v. Sparkman*, 435 U.S. 349, 355-56 (1978); *Harvey v. Loftus*, 505 F. App'x 87, 90 (3d Cir. 2012) (*per curiam*); *Azubuko v. Royal*, 443 F.3d 302, 303-04 (3d Cir. 2006) (*per curiam*). An act is taken in a judge's judicial

---

[5] To the extent that Clark is attempting to allege that Judge Tsai committed a state tort, Pennsylvania law likewise holds that judges are also absolutely immune from liability for tort claims. *Praisner v. Stocker*, 459 A.2d 1255, 1261 (Pa. Super. Ct. 1983) (stating that judges are absolutely immune from tort liability when performing judicial acts) (superseded by rule as stated in *Zikria v. Ass'n of Thoracic & Cardiovascular Surgeons, P.C.*, 637 A.2d 1367, 1369 (Pa. Super. Ct. 1994)).

5

capacity if it is "a function normally performed by a judge." *Gallas v. Supreme Ct. of Pa.*, 211 F.3d 760, 768 (3d Cir. 2000). Moreover, "[g]enerally . . . 'where a court has some subject matter jurisdiction, there is sufficient jurisdiction for immunity purposes.'" *Figueroa v. Blackburn*, 208 F.3d 435, 443-44 (3d Cir. 2000) (quoting *Barnes v. Winchell*, 105 F.3d 1111, 1122 (6th Cir. 1997)). Because Clark's claims against Judge Tsai are based upon actions taken in her judicial capacity in presiding over the estate proceedings, Judge Tsai enjoys absolute immunity from suit and Clark's claims must be dismissed with prejudice under § 1915(e)(2)(B).[6]

## III. CONCLUSION

For the reasons stated, the Court will dismiss Clark's Complaint with prejudice under 28 U.S.C. § 1915(e)(2)(B) because she has not asserted a claim against a viable defendant. Leave to amend will not be given as any attempt to amend would be futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108, 110 (3d Cir. 2002).

A separate Order dismissing this action follows.

**BY THE COURT:**


*/s/   Mitchell S. Goldberg*
**Mitchell S. Goldberg,     J.**

---

[6] Although Clark makes allegations against her sister, her sister's counsel, and her own lawyer, she has not named any of them as Defendants in this action. Such claims would not be plausible in any event because none of those persons is a "state actor" for the purposes of § 1983. *Groman v. Twp. of Manalapan*, 47 F.3d 628, 638 (3d Cir. 1995) (explaining that state action is a "threshold issue" for § 1983 claims); *see generally*, *Dennis v. Sparks*, 449 U.S. 24, 28 (1980) ("[M]erely resorting to the courts and being on the winning side of a lawsuit does not make a party a co-conspirator or a joint actor with the judge."); *Gannaway v. Stroumbakis*, 842 F. App'x 725, 730 (3d Cir. 2021) (*per curiam*) (stating that "[a] privately retained attorney clearly does not act under color of state law").